UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80952-CIV-HURLEY

**NEW YORK COMMUNITY BANK,**
    **plaintiff,**

vs.

**ABP/DELRAY, LLC,**
    **defendant.**
_____/

**ORDER OF FINAL DISMISSAL WITHOUT PREJUDICE & CLOSE-OUT**

New York Community Bank ("the Bank") filed this declaratory judgment action pursuant to 28 U. S C. §1331 seeking to resolve a dispute with ABP/Delray, LLC over its claimed right to exercise a lease renewal option under a lease agreement governing certain commercial property located in Delray Beach, Florida. As the Bank views it, the vindication of its rights under the subject lease agreement necessarily turns on the construction of a federal statute, the Financial Institutions Reform Recovery and Enforcement Act of 1989, thus triggering federal question subject matter jurisdiction before this court.

Assuming without deciding the issue of whether this court's subject matter jurisdiction is sustainable under this theory, pursuant to 28 U.S.C. §2201, this court retains a measure of discretion to decline to exercise its jurisdiction over this declaratory judgment action. *Micron Technology, Inc. v Mosaid Technologies, Inc.*, 518 F.3d 897 (9th Cir. 2008); *Nautilus Insurance co. v Winchester Homes*, 15, F.3d 371, 375 (4th Cir. 1994); *Continental Casualty Co. v Fuscardo,* 35 F.3d 963 (4th Cir. 1994)*.* In its *sua sponte* consideration of that issue here, and careful consideration of the factors enumerated in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005), the court finds good reason to decline to entertain this action and shall accordingly dismiss it without prejudice.

I. **Background**

On September 1, 1022, the Landlord ABP/Delary LLC filed a summary proceeding complaint for eviction against the Bank in the county court of Palm Beach County. The Bank removed the case to this court [Case No. 11-81003] asserting diversity jurisdiction under 28 U.S.C. § 1332(a), and the action was subsequently transferred to this division as related to the earlier filed, above captioned declaratory judgment case. On this date, the court has contemporaneously entered its order remanding the eviction action to the state court in which it was originally filed.

II. **Discussion**

The Declaratory Judgment Act is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). In this respect, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287. Put another way, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

Consistent with these precepts, the Eleventh Circuit has long recognized that a district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1995 (11th Cir. 1982). In *Ameritas,* the Eleventh Circuit reinforced *Ven-Fuel* and furnished the district courts with guidance in how to yield their discretion under the Declaratory Judgment Act where there are parallel state proceedings, emphasizing that district courts must balance the interests of federalism, comity and efficiency in

determining whether abstention is appropriate in this situation.

In this connection, the *Ameritas* court set out a non-exhaustive list of "guideposts" to be considered, including: (i) the state's interest in deciding the matter, (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action is a form of "procedural fencing" being utilized to "provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;" (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts, and (ix) the nexus, if any, between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action. *Id* at 1331.

### A. Application of *Ameritas*

As applied here, the *Ameritas* guideposts militate strongly against the exercise of jurisdiction. The first *Ameritas* factor concerns "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." The legal issues presented in this case are almost exclusively Florida state law contract interpretation issues over lease agreement for commercial property located in Delray Beach, Florida. Florida clearly has a significant interest in having its state courts resolve these issues.

The second *Ameritas* factor looks to "whether the judgment in the federal declaratory action would settle the controversy," while the third *Ameritas* factor looks to "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue." While the

answer to both of these questions is likely "yes," in the sense that disposition of this federal declaratory judgment action would necessarily effect a clarification of the ability and entitlement of the Bank to exercise the renewal option, this benefit is off-set by the fact that the state court is fully equipped to resolve these questions and provide this same clarification, and the fact that overlapping factual issues are likely present before that court.

Fourth, *Ameritas* teaches that courts should consider "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable." *Id.* There is some indication that this factor is at play, as the Bank filed this declaratory judgment action on August 24, 2011, shortly after the Landlord sent written notice advising that it intended to seek eviction if the Bank did not voluntarily vacate by August 31, 2011.

It is also likely that this action will require determination of some facts which are essential to a determination of the Bank's claimed right to exercise the subject lease renewal option, and that the initial resolution of this issue here may have a preclusive effect on the Landlord's ability to re-litigate it in the state court. Thus, by retaining jurisdiction over this declaratory judgment action, this court risks invading the province of the state fact-finder, and in this respect implicates the fifth *Ameritas* factor which looks to "whether the use of a declaratory action would increase the friction between our federal sand state courts and improperly encroach on state jurisdiction.

The sixth *Ameritas* guidepost is "whether there is an alternative remedy that is better or more effective." Here, the Bank has an adequate remedy in state court, where the eviction suit has already been filed. It would clearly serve the interests of judicial economy to have all of the issues resolved in one forum, rather than conduct double tracked litigation in two courts. *Penn Miller Ins. Co. v. Ag-Mart Produce,* 2006 WL 2864402 (M.D. Fla. 2006*), aff'd,* 260 Fed Appx. 175 (11th Cir. 2007);

4

*Canal Ins. Co. v Morgan*, 2007 WL 174387 (S.D. Ala 2007); *Chicago Ins. Co v Lammers*, 2006 WL 5085250 (M.D. Fla. 2006); *Travelers Indem. Co. v Philips, Elects. N. Am Corp*. 2004 WL 193564 (S. D .N. Y. 2004).

The seventh and eighth *Ameritas* factors are "whether the underlying factual issues are important to an informed resolution of the case," and if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." Both of these factors weigh in favor of abstention. The interpretation and enforcement of the subject lease agreement will require a determination as to whether the Bank stands in shoes of the original tenant (Amtrust Bank) or whether it is properly classified as an "assignee" within the meaning of ¶1.3 of the subject lease agreement, a determination which will likely be made by the Palm Beach County Court when it decides the Landlord's claims in the underlying eviction suit. Rather than have two courts engage in duplication of efforts in this regard, the more sensible approach is for the state court already tasked with the examination of those facts and conclusions of law in the underlying eviction action to assume the task of applying those same facts to the Bank's claim for declaratory relief.

Finally, *Ameritas* directs district courts to consider "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution for the declaratory judgment action." This factor cuts both ways: On the one hand, the bank apparently seeks to raises a federal defense to eviction, contending that "the policy behind the Financial Institution Reform, Recovery and Enforcement Act of 1989, which gave the FDIC the power to transfer the Lease Agreement to [th e Bank] favors treating [the Bank] as if it were the original tenant under the lease," thereby implicating federal policies as a possible override to state law contract interpretation. On the other hand, the interpretation and enforcement of the real estate lease agreements and hold-over remedies available to landlords are

5

traditionally matters falling within exclusive jurisdiction of state courts. As the policy of both state and federal laws are apparently implicated, this factor is effectively neutralized in the analysis.

Considered cumulatively, the *Ameritas* guideposts weigh strongly in favor of declining to exercise jurisdiction. This action includes a subset of the matters likely to be litigated in the state court – the tenant's policy-based defense to eviction-- and it appears that all parties to this litigation will have full and adequate opportunity to litigate those issues in that forum. Having thus determined that abstention will promote the interests of practicality, comity and the administration of justice, the Court shall dismiss this action without prejudice the Bank to re-file its complaint in the appropriate forum.

### III. Conclusion

Having exercised its discretion to decline to entertain this declaratory judgment action, it is **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** for plaintiff to re-file its complaint in the appropriate forum.

2. The clerk of the court shall **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 14th day of November, 2011.

_____
Daniel T. K. Hurley
United States District Judge

cc.
All counsel